## CHENEY *et al. v.* BACON.

*(Circuit Court of Appeals, Eighth Circuit.* February 8, 1892.)

APPEAL.—ASSIGNMENTS OF ERROR.

Where the assignment of error is based on an allegation of fact which the record shows to be without foundation, the decree will be affirmed.

Appeal from the Circuit Court of the United States for the District of Nebraska.

Suit by Solon Bacon against Prentiss D. Cheney and Annette Cheney for specific performance. Decree for complainant. Defendants appeal. Affirmed.

*Prentiss D. Cheney,* for appellants.

*Samuel P. Davidson,* for appellee.

Before CALDWELL, Circuit Judge, and SHIRAS and THAYER, District Judges.

CALDWELL, Circuit Judge. This is a suit in equity, commenced by the complainant, Bacon, against the respondents, Cheney and wife, to compel the specific performance of a contract to convey a quarter section of land in Johnson county, Neb. The suit was begun in the state court, and removed to the circuit court by the respondents. The contract was executed by Cheney on the 2d day of March, 1880. It recites that he contracts, bargains, and agrees to sell the land (describing it) to the complainant at the price of $1,120, and that $200 of that sum has been paid, and the balance is to be paid in 10 annual installments, each for $92 and interest, for which notes were executed, which are described in the contract. Upon the payment of the purchase money and interest in the time and manner provided, the respondent was to execute a deed conveying the land to the complainant. The contract stipulated "that no assignment of the premises or of this contract shall be valid unless with the written consent of the first party, and by indorsement of the assignment hereon." It was declared that time was the essence of the contract; that "no court shall relieve the said second party from a failure to comply strictly and literally with this contract;" and, upon the failure of the purchaser to comply strictly with his engagements under the contract, all his rights thereunder were to be forfeited. The bill alleges payment of the purchase money in the time and manner required by the contract, and prays that the respondents be required to execute and deliver to complainant a deed for the land. The court below entered a decree in conformity to the prayer of the bill. The proof shows the purchase money was paid, as alleged in the bill, and that the complainant has been in possession of the land for a long time, and has made valuable improvements thereon. The answer set up only this defense:

"This defendant, further answering, avers the fact to be that the complainant sold and transferred the possession and rights of possession to the land named in complainant's bill of complaint on or about the 22d day of February,

A. D. 1882, to one D. M. Clark; that this complainant did, on the 22d day of February, A. D. 1882, assign, transfer, and deliver to the said D. M. Clark the contract in complainant's bill of complaint described; that the terms and forms of said assignment were made known to this defendant, and his consent was obtained, as provided in said contract."

The only assignment of error requiring any notice rests on this averment of the answer, and is to the effect that Bacon, the complainant, cannot maintain this suit because he assigned the contract relating to the land to Clark. The assignment of error is not well founded in fact. The testimony shows the complainant did, at one time, desire to assign the contract to Clark, and that he put an indorsement on it to that effect, and sent it to the respondent for his approval, as required by the contract, but the respondent refused to approve the assignment, and thereupon the transfer was abandoned, and the indorsement to Clark, with his consent, stricken out, and the contract returned to the complainant.

There being no error in the decree of the circuit court, the same is affirmed.